FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 27, 2025

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALAA ELKHARWILY, | NO: 2:25-CV-0104-TOR |
| Plaintiff, | ORDER ON PENDING MOTIONS |
| vs. | |
| FIRST INTERSTATE BANK, a Montana corporation and state-chartered bank, and LPSL CORPORATE SERVICES, INC., and MATHEW WADDELL, JENNIFER MATTSON, AND THEIR COMMUNITY PROPERTY, | |
| Defendants. | |

BEFORE THE COURT are Motion to Dismiss Second Amended Complaint (ECF No. 137); Defendants Waddell and Mattson's Joinder in Motion to Dismiss (ECF No. 138); and various other motions. The Court has reviewed the record and files herein and is fully informed.

## I.    Dismissal

Plaintiff has filed a Second Amended Complaint, ECF No. 43, which

ORDER ON PENDING MOTIONS ~ 1

1  primarily attacks the state court receivership imposed on Wall Street Apartments.

2  Plaintiff's complaint is 136 pages long and does not properly allege any causes of

3  action.

4  The Full Faith and Credit Act mandates that the "judicial proceedings" of

5  any State "shall have the same full faith and credit in every court within the United

6  States ... as they have by law or usage in the courts of such State . . . from which

7  they are taken."  28 U.S.C. § 1738.  Similarly, under the *Rooker–Feldman*

8  doctrine,[1] a federal district court does not have subject matter jurisdiction to hear a

9  direct appeal from a final judgment of a state court.  *See Noel v. Hall*, 341 F.3d

10  1148, 1155 (9th Cir. 2003).  A losing party in state court is thus barred from

11  seeking what in substance would be appellate review of a state judgment in federal

12  district court, even if the party contends the state judgment violated his or her

13  federal rights.  *Johnson v. DeGrandy*, 512 U.S. 997, 1005–06 (1994); *Allah v.*

14  *Superior Court*, 871 F.2d 887, 891 (9th Cir. 1989).  Together, the Full Faith and

15  Credit Act and the *Rooker–Feldman* doctrine prevent federal courts from

16  undermining state court orders.

17  Plaintiff is filing this action to take over the Receivership in state court.  This

18  he cannot do.  Accordingly, Plaintiff's cause of action is dismissed with prejudice.

19

20
[1]  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

ORDER ON PENDING MOTIONS ~ 2

The Court has reviewed Plaintiff's proposed third amended complaint and it suffers the same problems, so his request to file a third amended complaint is denied.

## II.  Plaintiff's Notice of Judicial Conflict (ECF No. 143)

Pursuant to 28 U.S.C. § 455, a district court judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  For example, the judge must disqualify himself if "he has a personal bias or prejudice concerning a party . . . ."  28 U.S.C. § 455(b)(1); *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980) (citation omitted) (section 445(b)(1) "simply provides a specific example of a situation in which a judge's 'impartiality might reasonably be questioned' pursuant to section 455(a).").  Judges are presumed impartial.  *First Interstate Bank of Arizona, N.A. v. Murphy, Weir & Butler*, 210 F.3d 983, 987 (9th Cir. 2000).  A party has a "substantial burden" in demonstrating otherwise.  *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003); *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004).  A judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require."  *Clemens v. U.S. Dist. Court for Cent. Dist. of California*, 428 F.3d 1175, 1179 (9th Cir. 2005) (citing *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)).

1    The test for section 455(a)—and thus also 455(b)(1)—is "whether a

2    reasonable person with knowledge of all the facts would conclude that the judge's

3    impartiality might reasonably be questioned." *United States v. Wilkerson*, 208

4    F.3d 794, 797 (9th Cir. 2000) (quoting *United States v. Hernandez,* 109 F.3d 1450,

5    1453 (9th Cir. 1997) (quoting *United States v. Studley,* 783 F.2d 934, 939 (9th Cir.

6    1986))).  "An affidavit filed pursuant to [section 455] is not legally sufficient

7    unless it specifically alleges facts that fairly support the contention that the judge

8    exhibits bias or prejudice directed toward a party that stems from an extrajudicial

9    source." *United States v. Sibla*, 624 F.2d at 868 (citation omitted) (bare

10    conclusions devoid of specific facts tending to show personal bias not enough); *In

11    re Complaint of Judicial Misconduct*, 584 F.3d 1230, 1231 (9th Cir. 2009) (vague

12    accusations insufficient).  Importantly, "[r]umor, speculation, beliefs, conclusions,

13    innuendo, suspicion, opinion, and similar non-factual matters" and "mere

14    familiarity with the defendant(s)" are "matters not ordinarily sufficient to require a

15    § 455(a) recusal." *Clemens v. U.S. Dist. Court for Cent. Dist. of California*, 428

16    F.3d at 1178–79 (quoting *Nichols v. Alley,* 71 F.3d at 351).  This analysis centers

17    on "[t]he facts proven" and not the "unverified suspicions harbored by the

18    [parties]." *In re United States*, 158 F.3d 26, 31 (1st Cir. 1998).

19    The standard of review for the denial of a motion for recusal is abuse of

20    discretion.  *United States v. Martin*, 278 F.3d 988, 1005 (9th Cir. 2002) (citations

omitted).  As the First Circuit explains:

> At one end are situations in which the hypothesis of partiality is so compelling that the judge has no real choice but to recuse herself.  *See, e.g., Fredonia Broad. Corp. v. RCA Corp.,* 569 F.2d 251 (5th Cir. 1978) (involving a recusal motion based upon one party's representation by the judge's former law clerk, who had served in that capacity during a prior trial of the same action).  At the other end are situations in which the hypothesis of partiality is so tenuous that the judge has no real choice but to sit.  *See Blizard v. Frechette,* 601 F.2d 1217 (1st Cir. 1979) (involving a recusal motion based upon nothing more than a judge's criticism of a party and her case in an opinion).  Between these two polar extremes lies a zone in which the district judge's discretion holds sway.  *See In re U.S.,* 666 F.2d 690, 695 (1st Cir. 1981).  If a case falls within this gray area, a court of appeals ought not to interfere.

*In re United States*, 158 F.3d at 31 (citations altered).

Plaintiff's proposed grounds for disqualification are not supported by any facts.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The Motion to Dismiss Second Amended Complaint (ECF No. 137) and Defendants Waddell and Mattson's Joinder in Motion to Dismiss (ECF No. 138), are **GRANTED**.  This case is **DISMISSED with prejudice**.

2. Plaintiff's Pro Se Motion for Electronic Case Filing Authorization, ECF No. 135, is **DENIED** as moot.

3. Plaintiff's Motion for Entry of Default, ECF No. 136, is **DENIED** as moot.

4. Plaintiff's Motion for Leave to File Amended Complaint, ECF No. 140, is **DENIED**.

ORDER ON PENDING MOTIONS ~ 5

5. Plaintiff's Motion to Stay all Proceedings and Extend and Suspend All Deadlines, etc., ECF No. 143, is **DENIED**.

6. Plaintiff's Motion to Expedite Hearing on Motion to Stay, ECF No. 144, is **DENIED**.

The District Court Executive is directed to enter this Order and Judgment of Dismissal with Prejudice, furnish copies to counsel and Plaintiff, and **CLOSE** the file.

DATED May 27, 2025.

THOMAS O. RICE
United States District Judge